IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDERIC A. SPEER,
                Plaintiff,

v.                                            Case No. 2:25-cv-2690

BOARD OF COUNTY COMMISSIONERS
OF JOHNSON COUNTY, KANSAS,
                Defendant.

## COMPLAINT

The Plaintiff, Frederic A. Speer, by and through undersigned counsel, submits the following as his Complaint in this action.

### PARTIES, JURISDICTION AND VENUE

1. Frederic A. Speer is an individual who at all times material hereto was a resident of the State of Kansas.

2. The Defendant Board of County Commissioners of Johnson County, Kansas is the governing body for the government of Johnson County, Kansas, and may be served with process through its County Clerk, Amy Meeker-Berg, 111 S. Cherry Street, Olathe, Kansas 66061.

3. The Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on May 15, 2015; the EEOC issued a Notice of Right-to-Sue on August 27, 2025 pertaining to the Charge.

4. The Plaintiff has exhausted his administrative remedies.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Venue is properly placed with this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

ALLEGATIONS OF FACT COMMON TO BOTH COUNTS

7. Johnson County hired Speer in November 2014 as a Technical Support Analyst II in the County's Technology and Innovation department.

8. In November of 2017, the Technical Support Analyst III position is created.

9. Also in November of 2017, Speer applied for and was selected for a TSA III position.

10. Eventually, the Deputy Chief Information Officer, Bill Lopez, became Speer's direct supervisor.

11. In or around the week of February 26, 2024, Lopez entered the same men's room that Speer had just entered.

12. Even though the men's room is otherwise empty, Lopez stood at the urinal next to the urinal that Speer was using.

13. Lopez then said to Speer, "How's it hanging?" with clear insinuation of a sexual intent.

14. Lopez stared directly at Speer, who mumbled a response to Lopez.

15. Speer interpreted this remark as an unwanted sexual advance.

16. On March 8, 2024, Speer was issued a formal written reprimand for unspecified unprofessional behavior.

17. There was no event when Speer's conduct could have been evaluated as unprofessional between the incident in the men's room and the issuance of the written reprimand.

18. After that, Speer exited the restroom immediately after he entered if Lopez were the only other person in the restroom.

19. On April 15, 2024, the Chief Information Officer upheld the reprimand.

2

20. On April 17, 2024, Lopez stopped at Speer's desk and asked whether he had a moment.

21. Speer indicated to Lopez that he did.

22. Lopez walked Speer back to his office and told Speer to shut the door after Speer intentionally left it open to show his preference for an open-door meeting.

23. Lopez then made various statements to Speer, including the recent reprimand, how Lopez noticed that Speer had been struggling, how much he liked seeing Speer in the office, how much he liked Speer personally, how he thought it would be better if there were less distance between him and Speer, and how he was keeping a close watch on Speer's "ticket count."

24. The "ticket count" referred to requests for assistance, for example with computer software problems, made by County employees outside of the Data and Technology Information department.

25. All of these statements made Speer uncomfortable and he wanted to leave the office.

26. Speer interpreted these statements as a sexual advance on Speer by Lopez and that Lopez implied that there would be negative repercussions if Speer refused to go along with the requests from Lopez.

27. At the end of the encounter in Lopez's office, Lopez asked Speer "Do you have anything you want to say to me?" "Is that helpful?" and "What would be helpful?"

28. To these questions, Speer answered, "No," "No," and "Anything else?"

29. After Lopez stated there was nothing else, Speer left his office and returned to his desk as quickly as he could.

30. On June 28, 2024, Lopez instructed Speer's manager that he should inform Speer that he was required, as a condition of employment to be alone in the bathroom with Lopez.

31. As a consequence of this instruction, Speer began using bathrooms less likely to be

used by Lopez.

32. Also on June 28, 2024, Lopez instructed Speer's manager to inform Speer that he was required, as a condition of employment, to engage with Lopez socially.

33. In response, Speer engaged with Lopez as minimally as possible to satisfy the condition; Speer also told his manager that he would continue to protect his own personal space.

34. Speer's manager held a second meeting to discuss concerns about safety.

35. Speer did not share his concerns about safety surrounding Lopez's behavior.

36. The manager initially kept the discussions in the meeting private, but later said he was asked to share and did share the information with Lopez and the Chief Information Officer.

37. On October 17, 2024, Lopez overruled a recommendation from Speer's supervisor and manager and lowered Speer's performance status and decreased Speer's merit pay increase to zero percent.

38. On November 11, 2024, Speer's manager vacates his position; Lopez becomes Speer's direct manager.

39. On January 10, 2025, the Chief Information Officer Bill Nixon in coordination with the Human Resources department informed Speer of the decision to separate Speer from his employment by way of a memorandum.

40. The March 8, 2024 reprimand and the reduction in Speer's merit pay increase were cited in the decision to terminate Speer's employment.

41. The memorandum contained allegations about time-skimming and shorting during November and December of 2024.

42. The memorandum contained allegations about requests by Speer's supervisor Alberto

Lopez in October, November and December of 2024 to Speer about tracking project activities, specifically to have Speer switch from Change Gear to Excel.

43. Speer was not permitted to ask a list of questions he had prepared.

44. On February 7, 2025, a review panel assembled by the County affirmed the decision to

terminate Speer's employment.

45. Speer has mitigated his damages, but continues to suffer monetary losses as a result of his termination.

## COUNT I
## TITLE VII SEX DISCRIMINATION – HOSTILE WORK ENVIRONMENT

46. The Plaintiff hereby incorporates by reference Paragraphs 1 through 45 above as though

fully set forth herein.

47. The Plaintiff is a member of a protected class, specifically, males.

48. The Plaintiff was qualified for the position he was performing and was performing his job satisfactorily.

49. The Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's sex.

50. The Defendant terminated the Plaintiff under circumstances giving rise to an inference of sex discrimination, all in violation of 42 U.S.C. §2000e—2(a)(1) and 2(a)(2) (Title VII).

51. The Plaintiff's refusal to submit to sexual advances was a but-for cause and was a motivating cause of the termination of the Plaintiff from the Defendant's employment.

52. The Defendant created a work environment that was severe or pervasive in nature such that the workplace because a hostile work environment for the Plaintiff.

53. The requests, demands and sexual advances on the Plaintiff amounted to a quid pro quo proposition.

54. The stated reasons given to support the Plaintiff's termination were false, pretextual or both.

55. The Plaintiff has sustained damages resulting from the Defendant's conduct.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in his favor against the Defendant for back pay, including wage increases and reimbursement of any lost fringe benefits, retirement plan benefits, pension benefits, Social Security contributions, an award of front pay, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, for punitive damages, for pre-judgment interest, for reasonable attorney fees, for costs, all in excess of $75,000.00 and for such other and further relief as the Court may deem just and equitable.

## COUNT II
## TITLE VII – RETALIATION

56. The Plaintiff hereby incorporates by reference Paragraphs 1 through 45 above as though fully set forth herein.

57. The Plaintiff engaged in the protected activity of resisting and opposing sex discrimination and harassment in different forms.

58. The Defendant terminated the Plaintiff.

59. A reasonable employee would be dissuaded from resisting and opposing sex discrimination and harassment and then being terminated after engaging in that protected activity.

60. The Defendant's stated reasons for the termination were false and pretextual, or both.

61. The discharge was motivated by the protected activity such that there was a

causal connection between the two in violation of 42 U.S.C. § 2000e – 3(a).

62. The Plaintiff has sustained damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in his favor against the Defendant for back pay, including wage increases and reimbursement of any lost fringe benefits, retirement plan benefits, pension benefits, Social Security contributions, an award of front pay, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, for punitive damages, for pre-judgment interest, for reasonable attorney fees, for costs, all in excess of $75,000.00 and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

*/s Theodore J. Lickteig*
Theodore J. Lickteig #12977
Lickteig Law Firm, LLC
12760 W. 87th Street, Suite 112
Lenexa, Kansas 66215-2878
913-894-1090
tjllawoffice@planetkc.com
*Attorney for Plaintiff*

## JURY DEMAND

The Plaintiff, by and through undersigned counsel, pursuant to Rule 38 of the Fed. Rules of Civil Procedure and the Seventh Amendment, demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/ Theodore J. Lickteig*
Theodore J. Lickteig #12977
Lickteig Law Firm, LLC

12760 W. 87th Street, Suite 112
Lenexa, Kansas 66215
913-894-1090
tjllawoffice@planetkc.com
*Attorney for Plaintiff*